**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO ESPINOZA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CATE, et al,<br><br>　　　　Respondents. | NO. CV 20-8334-MWF (KS)<br><br>**ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY** |

On September 9, 2020, Alejandro Espinoza ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") under 28 U.S.C. § 2254. (Dkt. No. 1.) In the Petition, Petitioner challenges a 2007 state court conviction for burglary, attempted first degree burglary in concert, and, *inter alia*, assault with a deadly weapon. (Petition at 2.) This Court previously denied a prior habeas petition filed by Petitioner challenging the same conviction. *Espinoza v. Sandor*, C.D. Cal. CV 09-6228-PSG (FFM), at Dkt. Nos. 1 ("2009 Petition"), 11 ("2012 Report"), 15 ("2012 Judgment"). Petitioner appealed to the Ninth Circuit and the United States Supreme Court. The Ninth Circuit denied Petitioner's request for a certificate of appealability, *id.* at Dkt. No. 20; *see also Espinoza v. Sandor*, No. 12-55350, at Dkt. No. 5 (Mar. 1, 2013), and the United

States Supreme Court denied Petitioner's petition for writ of certiorari, *Espinoza v. Valenzuela*, No. 12-10395 (Oct. 7, 2013).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

Petitioner appealed his 2007 conviction in the California Court of Appeal, which affirmed the judgment of the trial court on July 30, 2008. (*See* 2012 Report at Ex. A.) Petitioner appealed to the California Supreme Court, which denied the petition for review in October 2008. (2009 Petition at 3); *see also* Docket (Register of Actions), *People v. Espinoza*, No. S166430 (Oct. 16, 2008), *available at* https://appellatecases.courtinfo.ca.gov (last visited Sep. 15, 2020). Petitioner filed a habeas petition in this Court on August 26, 2009 (*see* 2009 Petition), in which he alleged that there was insufficient evidence to sustain his conviction for attempted robbery and burglary and that trial counsel was ineffective because he failed to object to the admission of a statement by Petitioner's co-defendant. The Court denied with 2009 Petition on its merits and with prejudice on February 10, 2012. (*See* 2012 Report; 2012 Judgment.)

The instant Petition, like the 2009 Petition, concerns Petitioner's 2007 conviction. However, there is no indication from either the Petition itself or the Ninth Circuit's docket that the Ninth Circuit has granted Petitioner leave to file a second or successive petition in this Court. *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,

971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citations omitted).

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b). "[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition). There are some exceptions to this rule. *See* 28 U.S.C. § 2244(b)(2). Most notably, a claim presented in a second or successive habeas corpus application shall not be dismissed if, *inter alia*, the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(B).

However, even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies

3

one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 2009 Petition, Petitioner sought Section 2254 relief based on the same state conviction at issue here. This Court dismissed the 2009 Petition with prejudice. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b). Petitioner alleges that he received ineffective assistance of counsel during his direct appeal and, for the second time, asserts that he is entitled to habeas relief because there was insufficient evidence to support his conviction for burglary in the first degree. (Petition at 5.) However, there is no indication from either the Petition or the Ninth Circuit's docket that he has received leave from the Ninth Circuit to bring a second or successive Section 2254 petition. Because Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim(s) alleged in the instant Petition, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Consequently, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the Ninth Circuit to raise his claims in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

\\
\\
\\
\\
\\
\\
\\
\\

4

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2*)*; *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[1]  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED:  September 16, 2020

                                              MICHAEL W. FITZGERALD
                                              UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[1] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).